IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES JOHNSON, BH-6422,<br>    Petitioner, | )<br>)<br>) |
| v. | ) Civil Action No. 09-497<br>) |
| DONNA CHAMBERLAIN, et al.,<br>    Respondents. | )<br>)<br>) |

Mitchell, M.J.:

Memorandum and Order

Charles Johnson, an inmate at the State Correctional Institution at Pittsburgh has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. Because the petitioner has not exhausted the available state court remedies, the petition will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists a certificate of appealability will be denied.

Although the procedural history of the petitioner's incarceration appears somewhat convoluted, it does appear from the petition that on August 8, 1990, he was sentence by the Court of Common Pleas of Lycoming County, Pennsylvania to a six and half to thirteen year period of incarceration on drug charges. On November 11, 1996, while on parole, he was released to a halfway house and in September 1999 was arrested by state authorities on new drug charges . As a result of this arrest the Pennsylvania Board of Probation and Parole lodged a parole detainer against him.

On October 27, 1999, a federal grand jury in the Middle District of Pennsylvania indicted

1

the petitioner on federal drug charges. On April 14, 2000, he pled guilty to Court II of the indictment, and the Pennsylvania Board of Probation and Parole directed that he be recommitted when available to serve twelve months as a convicted parole violator. On August 16, 2000, he was sentenced in federal court to a one hundred thirty month sentence to be served consecutively with the sentence he was presently serving. As a result of the federal sentencing the state charges resulting in his September 1999 arrest were dismissed and he was returned to the custody of the Pennsylvania Board of Probation and Parole, and the federal sentence was lodged as a detainer against him.

On or about October 25, 2000, the petitioner was released from state custody to commence serving his federal sentence, and the Pennsylvania Board of Probation and Parole lodged a detainer against him. He was released from federal custody on February 20, 2009 and transferred to the State Correctional Institution at Pittsburgh pursuant to the Pennsylvania Board of Probation and Parole detained. As a result of his present incarceration, Johnson

> believes and therefore alleges that the current detention is illegal and unconstitutional and has resulted in a miscarriage of justice resulting in deprivation of rights guaranteed by the United States Constitution requiring this Court to issue a writ of habeas corpus discharging petitioner in the interests of justice ...

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that

2

before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a

federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application" clauses have independent meaning.

This exhaustion requirement is applicable to alleged unconstitutional acts of the parole board as opposed to their acts in denying parole. See: DeFoy v. McCullough, 393 F.3d 439 (3d Cir) cert. denied 545 US. 1149 (2005); Young v. Rundle, 308 F.Supp. 147 (E.D.PA. 1969).

In the instant case, the petitioner does not set forth that he has sought any relief in the courts of the Commonwealth challenging the non-discretionary constitutionality of his incarceration, and for this reason his petition here is premature. Accordingly, the petition of Charles Johnson for a writ of habeas corpus will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists a certificate of appealability will be denied.

An appropriate Order will be entered.

ORDER

AND NOW, this 18th day of May, 2009, for the reasons set forth in the foregoing Memorandum, the petition of Charles Johnson for a writ of habeas corpus is dismissed, without prejudice, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

The petitioner is put on notice of this disposition and as mandated by <u>United States v. Randolph</u>, 409 F.3d 155 (3d Cir.2005), is further Ordered that on or before May 29, 2009, to show cause, if any, why judgment should not be entered accordingly.

s/ Robert C. Mitchell
United States Magistrate Judge